■ In the Matter of SAMUEL J. GENOVESE, Petitioner, v. DONALD S. HOSTETTER et al., Constituting the State Liquor Authority, Respondents. — Determination unanimously annulled, with costs. Memorandum: It is not disputed that absent the proof received at the administrative hearing as the result of the electronic surveillance of telephones in the licensed premises the determination herein may not be sustained. Contrary to the contention of respondent, counsel for the licensee throughout the hearing objected to the receipt of testimony because of the "illegality" of the order authorizing interruption of telephone communications. Moreover, at the adjourned hearing a copy of the order of Syracuse City Court suppressing all evidence obtained from the wiretaps was received in evidence and the findings affirmatively so state. *Matter of Finn's Liq. Shop* v. *State Liq. Auth.* (24 N Y 2d 647) mandates the annulment of the determination. (Review of determination suspending liquor license and forfeiting bond, transferred by order of Onondaga Special Term.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Bastow, JJ.

■ EVELYN PEARSON, as Administratrix of the Estate of DOROTHY BANAS, Deceased, Respondent, v. JOSEPH POUTHIER, Appellant. (And Two Other Actions.) — Order unanimously affirmed, with costs. Memorandum: We recognize that recent decisions have liberalized the interpretation of the words "special circumstances" as contained in CPLR 3101 (subd. [a], par. [4]). There remains, however, the basic requirement that a party seeking such examination should make full disclosure so as to establish "a possible connection of the witness with the transactions involved, about which she would have special and exclusive knowledge." (*Courtland* v. *Brown, Harris, Stevens,* 6 A D 2d 789.) This the defendant has failed to do. (Appeal from order of Erie Special Term, denying motion to take deposition.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Bastow, JJ.